**FOR THE EASTERN DISTRICT OF VIRGINIA**

**(ALEXANDRIA DIVISION)**

| | |
|---|---|
| Yoshiki Okada, | ) |
| Plaintiff, | ) Case No.: 1:18-cv-01338-LO-TCB |
| v. | ) |
| John Doe, et al. | ) |
| Defendants. | ) |
| In Re: zhang.com, fde.com, wok.com, tang.com, jol.com, nnn.com, eol.com and wtv.com, | ) |
| Mark Thompson, | ) |
| Intervenor. | ) |

FIRST AMENDED COMPLAINT-IN-INTERVENTION

Comes Now the Intervenor Mark Thompson (hereinafter "Intervenor" or "Mr. Thompson"), by and through his counsel, and files this First Amended Complaint ("FAC") against John Doe (Defendant Doe) and <eol.com>, <fde.com>, <jol.com>, <nnn.com>, <tang.com>, <wok.com>, <wtv.com>, and <zhang.com> ("Defendant Domain Names") as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B).[1]

I. NATURE OF THE SUIT

1. This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2. Plaintiff Yoshiki Okada ("Plaintiff" or "Okada"), and Intervenor under this complaint in intervention, are seeking injunctive and other equitable relief as a result of the

---

[1] This FAC primarily eliminates claims made as to the domain name <opl.com> and also clarifies, corrects, and updates the factual allegations and remedies sought in Intervenor's original Complaint In Intervention (Dkt. 69).

1

actions of the Defendant John Doe who somehow gained unauthorized access to the Plaintiff's domain name management system on a protected computer, and used this access to transfer control of the Defendant Domain Names from the Plaintiff's account and therefore disabled the Plaintiff's ability to use and control his domain names causing irreparable injury to the Plaintiff.

## II.  THE PARTIES

3. Plaintiff Yoshiki Okada, is a Japanese citizen with a primary residence of 103, Tomodachi 4-Chome, Nada-Ku, Kobe, Japan 657-0035.

4. Upon information and belief John Doe is an individual, although his true identify is unknown as the defendant is using a privacy service and fictitious names to conceal his identity.

5. The Defendant Domain Names are all <.com> domain names for which the Registry, Verisign, Inc., is located at 21355 Ridgetop Circle, Lakeside III, Dulles, Virginia 20166 within this Court's judicial district.

6. Intervenor Thompson is an individual residing in Orlando, Florida.

7. The Plaintiff, upon information and belief, acquired <eol.com> on or about August 30, 2006, on January 22, 2016 renewed his registration to July 27, 2024 and has, since acquisition, used the domain in commerce. (*See* **Exhibit 1**.)

8. At some point on or about May 21, 2017 Defendant Doe somehow gained access to the Plaintiff's domain name management account and transferred <eol.com> away from the Plaintiff's control. The current WHOIS information for <eol.com> is blank for the name of the registrant listing only the state and country, Zhejiang, China. (*See* **Exhibit 9**.)

9. The Plaintiff, upon information and belief, acquired <fde.com> on or about July 5, 1997, on November 8, 2016 renewed his registration to July 4, 2018 and has, since acquisition, used the domain in commerce. (*See* **Exhibit 2**.)

10. At some point on or about May 11, 2018 Defendant Doe somehow gained access to the Plaintiff's domain name management account and transferred <fde.com> away from the Plaintiff's control. The current WHOIS information for <fde.com> list the registrant as "Registration Private" with a contact address of Domains by Proxy, LLC, 14455 N. Hayden Road, Scottsdale, Arizona 85260 with an email address of fde.com@domainsbyproxy.com. (*See* **Exhibit 10**.)

11. Plaintiff, upon information and belief, acquired <jol.com> as the original registrant on or about October 24, 1997, on November 8, 2016 renewed his registration to October 23, 2025 and has, since acquisition, used the domain in commerce. (*See* **Exhibit 3**.)

12. At some point on or about September 11, 2017 Defendant Doe somehow gained access to the Plaintiff's domain name management account and transferred <jol.com> away from the Plaintiff's control. The current WHOIS information for <jol.com> lists the registrant as "Chenlilan" with the state and country of Jiangsu, China. (*See* **Exhibit 11**.)

13. Plaintiff, upon information and belief, acquired <nnn.com> on or about November 3, 1997, on January 22, 2016 renewed his registration to November 2, 2024 and has, since acquisition, used the domain in commerce. (*See* **Exhibit 4**.)

14. At some point on or about July 17, 2018 Defendant Doe somehow gained access to the Plaintiff's domain name management account and transferred <nnn.com> away from the Plaintiff's control. The current WHOIS information for <nnn.com> is blank but for the state and country, Zhejiang, China. (*See* **Exhibit 12**.)

15. The Plaintiff, upon information and belief, acquired <tang.com> on October 24, 1997, on January 22, 2016 renewed his registration to October 23, 2019 and has, since acquisition, used the domain in commerce. (*See* **Exhibit 5**.)

16. At some point on or about May 9, 2018 Defendant Doe somehow gained access to the Plaintiff's domain name management account and transferred <tang.com> away from

the Plaintiff's control. The current WHOIS information for <tang.com> is blank for the name of the registrant listing only Shejiang, China. (*See* **Exhibit 13**.)

17. The Plaintiff, upon information and belief, acquired <wok.com> on or about September 5, 1997, on November 8, 2016 renewed his registration to September 4, 2020 and has, since acquisition, used the domain in commerce. (*See* **Exhibit 6**.)

18. At some point on or about September 11, 2017 Defendant Doe somehow gained access to the Plaintiff's domain name management account and transferred <wok.com> away from the Plaintiff's control. The current WHOIS information for <wok.com> list the registrant as "chenlilan," Jiangsu, China. (*See* **Exhibit 14.**)

19. Plaintiff, upon information and belief, acquired <wtv.com> on or about August 8, 2008, on April 20, 2017 renewed his registration to February 27, 2025 and has, since acquisition, used the domain in commerce. (*See* **Exhibit 7**.)

20. At some point on or about May 8, 2018 Defendant Doe somehow gained access to the Plaintiff's domain name management account and transferred <wtv.com> away from the Plaintiff's control. The current WHOIS information for <wtv.com> list the registrant as yan wen xiu with no further information. (*See* **Exhibit 15**.)

21. Plaintiff, upon information and belief, acquired <zhang.com> on or about July 3, 1997, on or about January 22, 2016 renewed his registration to July 2, 2018 and has, since acquisition, used the domain in commerce. (*See* **Exhibit 8**.)

22. At some point on or about May 9, 2018 Defendant Doe somehow gained access to the Plaintiff's domain name management account and transferred <zhang.com> away from the Plaintiff's control. The current WHOIS information for <zhang.com> is blank for the name of the registrant listing only Zhejiang, China. (*See* **Exhibit 16**.)

23. Upon information and belief, based on the timing and methodology of the thefts, the Plaintiff believes that the same one individual is behind each of the thefts.

24. Upon information and belief, Plaintiff Okada manages his domain name portfolio through a secure domain name management account on a domain name management system.

25. Defendant Doe somehow gained unauthorized access to the Plaintiff's secure domain name management account on a protected computer system and transferred control of the Defendant Domain Names away from the Plaintiff.

26. Defendant Doe has concealed his true identity by leaving the name of the registrant blank, using false name(s) and using privacy protection to conceal his identity.

### III. JURISDICTION AND VENUE

27. This action arises out of Defendant Doe's violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

28. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has in rem jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A) insofar as the registry for the <.com> domain names, Verisign, Inc., is located within this judicial district.

29. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Verisign, Inc. has its principal place of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) as the subjects of the action reside in this judicial district.

30. Defendant John Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that he gained unauthorized access to the Plaintiff's domain management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained by Verisign, Inc. for the Defendant Domain Names to be altered so as to transfer control of the Defendant Domain

Names away from the Plaintiff.

31. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff and Intervenor in this matter.

## IV. NOTICE

32. Pursuant to the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of Okada's complaint was sent to the Defendant at the postal addresses and email addresses provided on the then-current WHOIS records as set forth above, along with a request to waive service pursuant to Federal Rule of Civil Procedures 4(d).

33. Plaintiff also provided such notice contemporaneously with the filing of the original Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Plaintiff published notice of this action as the Court directed after filing of the original Complaint. Therefore, service of the claims at issue here, which are substantively the same as Plaintiff's claims against the Defendant Domain Names, was accomplished by Plaintiff Okada.

34. The Intervenor's claim in the alternative for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

35. Joinder of the Defendant Domain Names is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common as to all claims and Defendants.

## V. FACTUAL BACKGROUND

36. The Plaintiff acquired each of the Defendant Domain Names as set forth above, has owned the Defendant Domain Names since that time and has used each of the Defendant Domain Names in commerce since that date.

37. The Plaintiff is in the business of domain monetization and collects domain

names for the purpose of turning internet traffic into monetary gain through the use of click traffic and/or resale. In addition, the Plaintiff has used the Defendant Domain Names for advertising services and email addresses over the years.

38.     The Defendant Domain Names, all three letter <.com> domain names are extremely valuable and their loss has deprived the Plaintiff of both the income generated by the domain names as well as the ability to sell the domain names. The Defendant Domain Names are collectively worth at least $500,000 and as much as $2,000,000.

39.     The Plaintiff has used each of the Defendant Domain Names in commerce since their acquisition and has common law rights in the names.

40.     Upon information and belief, Plaintiff Okada controls his domain names through secure domain name management system.

41.     The Plaintiff's domain name management system is maintained on a protected computer system and access to the account should be restricted to only that person with the Plaintiff's username and password.

42.     Defendant Doe gained unauthorized access to the Plaintiff's domain name management system and took control of the Defendant Domain Names.

43.     Defendant Doe used his unauthorized control of the Plaintiff's domain name management account to change the registration record for the Defendant Domain Names.

44.     Defendant Domain Names <eol.com>, <fde.com>, <jol.com>, <nnn.com>, <tang.com>, <wok.com>, <wtv.com> and <zhang.com> were transferred by Defendant Doe away from the Plaintiff's control.

45.     Defendant Doe has taken control of the Defendant Domain Names with the intent to divert the substantial advertising revenue produced by the web sites associated with the Defendant Domain Names to himself.

46.     Defendant Doe has, upon information and belief, taken control of the

Defendant Domain Name with the intent to resell the Defendant Domain Names and has listed Defendant Domain Names <nnn.com>, <tang.com>, <wtv.com> and <zhang.com>. for sale. (See **Exhibits 17, 18, 19** and **20**.)

47. Defendant Doe's registration and use of the Defendant Domain Names is without the Plaintiff's authorization.

48. Defendant Doe has no intellectual property rights in the Defendant Domain Names.

49. Defendant Doe provided misleading or incomplete contact information in the domain name registration when changing the registration for the Defendant Domain Names.

50. Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff.

51. Intervenor has bought a number of domain names. Among the domain names Intervenor has been interested in purchasing is www.nnn.com.

52. Based on Intervenor's research, he determined the owner of the www.nnn.com domain name was an individual named Yoshiki Okada. Intervenor contacted Mr. Okada in April 2017 to inquire about purchasing the www.nnn.com domain name at which time Mr. Okada said www.nnn.com was not available for purchase.

53. Weeks later www.nnn.com was advertised for sale on the domain page itself. A contact email was provided to which Intervenor Thompson inquired in May 2017. Mr. Thompson negotiated and arrived at an agreed upon price with the Seller, who appeared to be in China. However, the Seller's requirements of money transfer were not customary as they wanted to use alternative escrow procedures, so Mr. Thompson did not complete the sale.

54. Suspecting the www.nnn.com domain name had been stolen, Mr. Thompson hired a domain investigator who confirmed the www.nnn.com domain name had been stolen. Mr. Thompson contacted Plaintiff Okada and his attorney and they confirmed the

www.nnn.com domain name, as well as the other domain names in this action, had been stolen.

55. In July 2017, Intervenor Thompson agreed to collaborate to file an action to recover the stolen domain names. In December 2017, Plaintiff and Intervenor hired counsel to file this action. At that time, Intervenor and Plaintiff entered into an agreement under which Intervenor would purchase the domain name <nnn.com>, but the sale would only close once this litigation had concluded and any domains adjudicated to be returned to Okada were returned. In that instance, the <nnn.com> domain was to be placed in escrow, at which point Intervenor would transfer in escrow the remaining purchase price, after which the <nnn.com> domain would be transferred to Intervenor.

56. Since no party appeared to answer the complaint, the clerk entered default on November 27, 2018. On November 29, 2018, Plaintiff Okada filed a motion for default judgment and memorandum of law in support thereof. The Court held a hearing on the motion for default judgment on December 7, 2018 and requested additional briefing from Plaintiff Okada. Plaintiff submitted additional briefings on December 20, 2018, March 26, 2019, and April 5, 2019.

57. Then, counsel for the domain name <olp.com> entered an appearance and filed a motion to set aside the entry of default as to <olp.com>. The Court granted that motion on May 3, 2019. Soon thereafter, on May 20, 2019, Mr. Okada's counsel filed a motion to withdraw as attorney of record for Plaintiff. That motion was granted. A hearing on <olp.com>'s motion to dismiss for failure to state a claim was scheduled for June 28, 2019 but subsequently taken off calendar but has been reset for hearing on September 13, 2019. To Intervenor Thompson's knowledge, Mr. Okada has not retained new counsel.

58. Plaintiff was not present at the Court-scheduled pretrial conference held on June 7, 2019. As such, the Court issued an order to show cause, which required Plaintiff to

appear on June 21, 2019 to show cause why this case should not be dismissed with prejudice ("OSC Hearing").

59. Intervenor Thompson filed a motion to intervene on June 21, 2019, which the Court granted on July 25, 2019 (Dkt. 67). Intervenor Thompson filed his complaint in intervention on August 2, 2019 (Dkt. 69). Counsel for the domain name www.olp.com filed a motion to dismiss Intervenor's Complaint In Intervention on August 23, 2019 (Dkt. 71). Intervenor files this First Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

60. Intervenor Thompson currently has an interest in the <nnn.com> domain name—i.e., the ability to close an agreed-upon purchase of the domain names at issue in this case are transferred away from the thief who stole then from Plaintiff. Intervenor Thompson maintains the claims for relief below as Intervenor and co-Plaintiff to preserve his rights in, and purchase of, the <nnn.com> domain name and to return the remaining Domain Names to Plaintiff, their rightful owner.

## VI. CLAIMS FOR RELIEF

### COUNT I
### CLAIM FOR DECLARATORY JUDGMENT

61. Intervenor Thompson repeats and realleges the previous paragraphs as if set forth in full. Plaintiff had registered each of the Defendant Domain Names as alleged above and has, since that time, maintained uninterrupted control over the Defendant Domain Names, until their theft by Defendant Doe.

62. Defendant Doe's actions have taken control of the Defendant Domain Names from Plaintiff without authorization or permission.

63. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff and Intervenor in this matter.

COUNT II
ANTICYBERSQUATING CONSUMER PROTECTION ACT
(ACPA) 15 U.S.C. § 1114(2)(D)

64. Intervenor Thompson repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff has owned the Defendant Domain Names for many years, has used them in commerce to generate substantial income, and has common law rights in the marks embodied by and used in, the Domain Names.

65. Defendant Doe's actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademarks, with bad faith intent to profit therefrom.

66. The Plaintiff, because of Defendant Doe's actions, is being prevented from using and exercising control over the Defendant Domain Names. In particular, Defendant Doe's actions have prevented the Plaintiff from closing the agreed-upon sale of the domain name www.nnn.com to Intervenor Thompson.

67. The Plaintiff is being harmed through the loss of income, loss of business, and loss of business opportunities unless enjoined. Intervenor is being harmed for the inability to close on the agreed-upon sale and transfer of the www.nnn.com domain name.

68. The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect, or otherwise harmful information on the web pages associated with his domain names. Intervenor's rights in the www.nnn.com domain name, and potentially in the remaining Defendant Domain Names, are being jeopardized.

69. Intervenor Thompson, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

70. The above described conduct of Defendant Doe, registrant of the Defendant Domain Names, constitutes unlawful cybersquatting in violation of the Anticybersquatting

Consumer Protection Act, 15 U.S. C. § 1125(d)(1).

71. The above described conduct by Defendant Doe has caused, and is causing, great and irreparable harm to the Plaintiff, to Intervenor, and to the public, specifically the potential posting of improper, illegal, incorrect, or otherwise harmful information on the web pages associated with its domain names. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(I), the Intervenor Thompson is entitled to an order transferring the registration of the www.nnn.com domain name to the escrow agent Intervenor and Plaintiff had agreed to and a transfer of the remaining Defendant Domain Names—specifically <eol.com>, <fde.com>, <jol.com>, <tang.com>, <wok.com>, <wtv.com>, and <zhang.com>--to Plaintiff.[2]

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

72. Intervenor repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff properly entered into contracts with the registrar for the Defendant Domain Names before the Defendant Domain Names were stolen.

73. Defendant Doe has unlawfully taken control of the Defendant Domain Names, interfering with Plaintiff's lawful contract rights to the Defendant Domain Names as well as to sell any of the Defendant Domain Names, including the www.nnn.com domain name, which Plaintiff had agreed to sell to Intervenor through an escrow process.

74. As a result of the Defendant's acts, Plaintiff and Intervenor have been damaged and will continue to be damaged. Intervenor requests that this Court declare Defendant liable for its past and any future losses in association with the registration service contracts, and for the loss of costs and expenses expanded by Intervenor in purchasing the www.nnn.com domain names.

---

[2] Once again, for clarity, this FAC does not make any claim against, or seek transfer of, Defendant Domain Name <olp.com>.

## COUNT IV
## CONVERSION

75. Intervenor repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has property rights in the Defendant Domain Names. Intervenor has rights to the www.nnn.com domain name.

76. Defendant Doe has taken control of the Defendant Domain Names and is wrongfully exercising control and authority over the Defendant Domain Names.

77. The control and authority exercised by Defendant Doe deprives the Plaintiff and Intervenor of control and the income and business generated from the Defendant Domain Names.

78. Defendant Doe is wrongfully exerting dominion over the Plaintiff's and Intervenor's property in denial of their rights.

## COUNT V
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

79. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

80. Defendant Doe knowingly and intentionally accessed the Plaintiff's email systems on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(C). Defendant Doe knowingly, and with intent to defraud, accessed the Plaintiff's domain management account on a protected computer without authorization and obtained information from that computer which Defendant Doe used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

81. Defendant Doe intentionally accessed the Plaintiff's domain management system on a protected computer without authorization and as a result of such conduct caused

damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

82. The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000. Intervenor has also been harmed due to his rights to close the purchase and transfer of the domain name www.nnn.com from Plaintiff. Intervenor may be further harmed should the current negotiations with Plaintiff for rights to the remaining Defendant Domain Names be assigned to Intervenor.

83. As a direct result of the actions complained of, the Plaintiff and Intervenor have suffered, and continue to suffer, irreparable harm for which the Plaintiff and Intervenor have no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, Intervenor Thompson respectfully requests of this court:

I. That judgment be entered in favor of the Plaintiff and Intervenor on their claims for violation of the Anticybersquating Consumer Protection Act; and

II. That judgment be entered in favor of the Plaintiff and Intervenor on their claims for violation of the Computer Fraud and Abuse Act; and

III. Enter an order declaring that Yoshiki Okada is the only person with any rights to the contracts controlling the Defendant Domain Names; and

IV. Enter an order declaring that Defendant Doe does not have any rights to the Defendant Domain Names; and

V. Enter an order directing that: (1) the Defendant domain name <nnn.com> be transferred to ESQwire in escrow for transfer of the remaining purchase price by Intervenor to consummate and close the transfer to Intervenor of the <nnn.com> domain name and (2) that the remaining domain names at issue in this action—specifically <eol.com>, <fde.com>, <jol.com>, <tang.com>, <wok.com>, <wtv.com>, and <zhang.com> -- be promptly transferred to the Plaintiff; and

      VI.      Enter an Order directing Verisign to (1) transfer the domain name <nnn.com> to ESQwire and the registrar as directed by counsel for Intervenor and (2) to promptly return control of the remaining Defendant domain names—specifically <eol.com>, <fde.com>, <jol.com>, <tang.com>, <wok.com>, <wtv.com>, and <zhang.com> – to Plaintiff Yoshiki Okada and the registrar as directed by counsel for the Intervenor; and

      VII.      Award the Intervenor his fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

      VIII.      That the Court grant such other relief to the Plaintiff and Intervenor as the Court deems just and proper.

      Respectfully submitted,

Dated this 6th day of September, 2019

| | |
|---|---|
| KENNETH E. KELLER (*pro hac vice*) <br> California State Bar No. 71450 <br> VIJAY K. TOKE (*pro hac vice*) <br> California State Bar No. 215079 <br> PILLSBURY WINTHROP SHAW PITTMAN LLP <br> Four Embarcadero Center, 22nd Floor <br> San Francisco, CA  941111 <br> Telephone:  (415) 983-1000 <br> Facsimile:  (415) 983-1200 <br> kenneth.keller@pillsburylaw.com <br> vijay.toke@pillsburylaw.com <br><br> Attorneys for Intervenor Mark Thompson | */s/ William Atkins* <br> WILLIAM ATKINS <br> Virginia State Bar No. 47563 <br> PILLSBURY WINTHROP SHAW PITTMAN LLP <br> 1650 Tysons Blvd., Suite 1400 <br> McLean, VA  22102-4856 <br> Telephone:  (703) 770-7900 <br> Facsimile:  (703) 770-7901 <br> william.atkins@pillsburylaw.com <br><br> Attorneys for Intervenor Mark Thompson |

CERTIFICATE OF SERVICE

I, William P. Atkins, hereby certify that the foregoing FIRST AMENDED COMPLAINT-IN-INTERVENTION was filed on September 6, 2019, via electronic means (CM/ECF) and served by electric means (CM/ECF and email) upon the following counsel of record for Defendants:

Adrienne C. Love
J. Wiley Horton
Pennington, P.A.
215 S. Monroe Street, 2nd Floor
Tallahassee, Florida 32301
Tele: (850) 222-3533
Fax: (850) 222-2126
Email: adrienne@penningtonlaw.com
wiley@penningtonlaw.com

And

William J. Utermohlen
Oliff PLC
277 S. Washington Street, Suite 500
Alexandria, VA 22314
(703) 836-6400
(703) 836-2787
wutermohlen@oliff.com

Attorneys for Defendant OLP.com, Inc.

I hereby certify that on September 6, 2019 I sent the foregoing by postal delivery and email to:

Domains by Proxy, LLC
14455 N. Hayden Road
Scottsdale, Arizona 85260
fde.com@domainsbyproxy.com

and by email only to:

eol.com at alemoerge@gmail.com

jol.com at xiaodangjiali2014@gmail.com

olp.com at zuanshien@126.com

tang.com at alemoerge@gmail.com

wok.com at xiadangjiali2014@gmail.com

wtv.com at ashiniwo1990@gmail.com; and

zhang.com at alemoerge@gmail.com

Dated: September 6, 2019

             */s/ William P. Atkins*
             WILLIAM P. ATKINS
             Virginia State Bar No. 47563
             PILLSBURY WINTHROP SHAW
              PITTMAN LLP
             1650 Tysons Blvd., Suite 1400
             McLean, VA 22102-4856
             Tele: (703) 770-7900
             Fax: (703) 703-7901
             Email: william.atkins@pillsburylaw.com

             Attorneys for Intervenor Mark Thompson